# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUDY STEPP, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BOHREN LOGISTICS, INC., an INDIANA )<br>CORPORATION, and JERRY L. BECK, )<br>individually and as an agent of BOHREN )<br>LOGISTICS, INC., )<br>Defendants. ) | Civil Action No. |

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff JUDY STEPP, by and through her attorneys, LEVIN, RIBACK LAW GROUP, P.C., complaining of defendants BOHREN LOGISTICS, INC., and JERRY L. BECK, individually and as an agent of BOHREN LOGISTICS, INC., respectfully alleges as follows:

## JURISDICTION AND VENUE

1. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), which gives district courts' jurisdiction over civil actions between citizens of different states. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

2. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b), because the events that gave rise to this Complaint occurred in this district.

## PARTIES

3. Plaintiff JUDY STEPP is a citizen of the United States and the State of Michigan, who resides at 1403 Sarisfield in Warren, Michigan.

4. Defendant BOHREN LOGISTICS, INC., is a corporation incorporated in the State of Indiana, with its principal place of business at 325 N Taylor Road in Garrett, Indiana.

5. Defendant JERRY L. BECK is an individual who resides at 911 Emmet Avenue NW, in Cleveland, Tennessee.

## GENERAL ALLEGATIONS

6. On March 21, 2014, and for a long period of time prior thereto, Huck's Travel Stop was a privately-owned truck stop located in this juridical district at 101 S. 45th, City of Mount Vernon, County of Jefferson, and State of Illinois.

7. On March 21, 2014, Plaintiff, JUDY STEPP, left the Trucker's Lounge of Huck's Travel Stop, entered into the parking lot, and walked towards her parked truck.

8. At all relevant times, the Plaintiff was in the exercise of due care and caution for her own safety.

9. On March 21, 2014, defendant BOHREN LOGISTICS, INC., by and through its actual and/or apparent agent and/or employee, co-defendant JERRY L. BECK, operated a semi-trailer truck in the Huck's Travel Stop parking lot.

10. On March 21, 2014, JERRY L. BECK, while acting within the scope of his actual and/or apparent agency and/or employment for BOHREN LOGISTICS, attempted to make a left turn inside the parking lot at Huck's Travel Stop.

11. When making the aforementioned left turn, BOHREN LOGISTICS, INC., by and through its agent, Defendant JERRY L. BECK, operated the semi-truck trailer in a careless and

2

negligent manner. As a direct and proximate result thereof, the freight trailer swung wildly and struck the Plaintiff, JUDY STEPP, running over her legs and crushing them with such force and violence that it inflicted serious and painful permanent personal injuries, including multiple fractures of both legs, ligament damage, and other traumatic injuries.

12. As a result of these injuries, JUDY STEPP has been forced to undergo multiple surgeries, therapy, and other medical treatment.

13. As a result of these injuries, JUDY STEPP has suffered permanent disability and experienced tremendous pain and suffering, incurred medical bills and has been unable to work.

## COUNT I
## BOHREN LOGISTICS, INC.
## (NEGLIGENCE)

14. Plaintiff repeats and realleges each allegation in paragraphs 1-13.

15. The defendant, BOHREN LOGISTICS, INC., by and through its agents, owed the Plaintiff, JUDY STEPP, a duty to own, operate, maintain and control the vehicle with reasonable care.

16. The defendant, BOHREN LOGISTICS, INC., by and through its agent, JERRY L. BECK, was guilty of one or more of the following acts of negligence which was a proximate cause of JUDY STEPP's permanent and painful injuries:

(a) Carelessly and negligently operated a vehicle in excess of reasonable speed in a parking lot where pedestrians would be walking;

(b) Carelessly and negligently turned a vehicle when such a turn could not be made with reasonable safety, in violation of 625 ILCS 5/11-804;

(c) Carelessly and negligently turned a vehicle before giving an appropriate signal, in violation of 625 ILCS 5/11-804;

3

(d) Carelessly and negligently failed to operate a vehicle with due care, in violation of 625 ILCS 5/11-1003.1;

(c) Carelessly and negligently failed to stop to avoid striking the Plaintiff;

(d) Carelessly and negligently failed to keep a proper and sufficient lookout for pedestrians, more specifically, Judy Stepp;

(e) Carelessly and negligently failed to give a proper warning of the approach of said motor vehicle by sounding a horn, in violation of 625 ILCS 5/11-1003.1.

(f) carelessly and negligently failed to stop his vehicle for pedestrians in the roadway, more specifically, Judy Stepp.

17. As a direct and proximate result of the negligence of defendant BOHREN LOGISTICS, INC., Plaintiff JUDY STEPP suffered several traumatic injuries to both legs, including multiple fractures and ligament damage, experienced tremendous pain and suffering, was forced to undergo extensive medical treatment, has incurred medical and hospital bills, she has been unable to work, and has suffered permanent disability.

WHEREFORE, Plaintiff JUDY STEPP, by and through her attorneys, LEVIN, RIBACK LAW GROUP, P.C., demands judgment against the Defendant, BOHREN LOGISTICS, INC., in a sum in excess of the jurisdictional requirements of this court and costs in bringing this action.

### COUNT II
### BOHREN LOGISTICS, INC.
### (FAILURE TO TRAIN)

18. Plaintiff repeats and realleges each allegation in paragraphs 1-17.

19. Defendant BOHREN LOGISTICS, INC., was guilty of the following act of negligence which was a proximate cause of Plaintiff JUDY STEPP's permanent and painful injuries:

(a) Failed to properly train its agent and/or employee, JERRY L. BECK, in driving safety.

4

20. As a direct and proximate result of the negligence of the defendant, BOHREN LOGISTICS, INC., Plaintiff JUDY STEPP suffered several traumatic injuries to both legs, including multiple fractures and ligament damage, experienced tremendous pain and suffering, was forced to undergo extensive medical treatment, has incurred medical and hospital bills, she has been unable to work, and has suffered permanent disability.

WHEREFORE, Plaintiff JUDY STEPP demands judgment against the defendant, BOHREN LOGISTICS, INC., in a sum in excess of the jurisdictional requirements of this court and costs in bringing this action.

## COUNT III
## JERRY L BECK, INDIVIDUALLY AND AS AN AGENT OF BOHREN LOGISTICS
## (NEGLIGENCE)

21. Plaintiff repeats and realleges each allegation in paragraphs 1-20.

22. At all times relevant to this complaint, Defendant JERRY L. BECK was the actual and/or apparent agent and/or employee of Defendant BOHREN LOGISTICS.

23. At all times mentioned herein, the Defendant, JERRY L. BECK, owed the Plaintiff a duty to operate the vehicle with reasonable care.

24. At the above date and location, Defendant JERRY L. BECK, acting individually and as an agent of Defendant BOHREN LOGISTICS, committed one or more of the following acts of negligence which was a proximate cause of the Plaintiff's injuries:

(a) Carelessly and negligently operated vehicle in excess of reasonable speed in a parking lot where pedestrians would be walking;

(b) Carelessly and negligently turned a vehicle when such a turn could not be made with reasonable safety, in violation of 625 ILCS 5/11-804;

(c) Carelessly and negligently turned a vehicle before giving an appropriate signal, in violation of 625 ILCS 5/11-804;

(d) Carelessly and negligently failed to operate a vehicle with due care, in violation of 625 ILCS 5/11-1003.1;

(e) Carelessly and negligently failed to stop his motor vehicle to avoid striking the Plaintiff;

(f) Carelessly and negligently failed to keep a proper and sufficient lookout for pedestrians, more specifically, Judy Stepp.

(g) Carelessly and negligently failed to give a proper warning of the approach of said motor vehicle by sounding a horn, in violation of 625 ILCS 5/11-1003.1.

25. As a direct and proximate result of the negligence of defendant JERRY L. BECK, Plaintiff JUDY STEPP suffered several traumatic injuries to both legs, including multiple fractures and ligament damage, experienced tremendous pain and suffering, was forced to undergo extensive medical treatment, has incurred medical and hospital bills, she has been unable to work, and has suffered permanent disability.

WHEREFORE, Plaintiff, JUDY STEPP, by and through her attorneys, LEVIN, RIBACK LAW GROUP, P.C., demands judgment against the Defendant, JERRY L. BECK, in a sum in excess of the jurisdictional requirements of this court and costs in bringing this action.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff JUDY STEPP demands trial by jury in this action of all issues so triable.

Respectfully submitted,

LEVIN, RIBACK LAW GROUP, P.C.

By: _____
Richard I. Levin, Esq.
Attorney for Plaintiff

Richard I. Levin, Esq.
Atty I.D. No. 6194414
LEVIN, RIBACK LAW GROUP, P.C.
60 West Randolph Street Suite 333
Chicago, Illinois 60601
(312) 782-6717