IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUDY STEPP, <br><br> Plaintiff, <br><br> vs. <br><br> BOHREN LOGISTICS, INC. an Indiana Corporation, and JERRY BECK, Individually and as agent of BOHREN LOGISTICS, INC., <br><br> Defendants. <br> ———————————————— <br> BOHREN LOGISTICS, INC. an Indiana Corporation, and JERRY BECK, <br><br> Third-Party Plaintiffs, <br><br> vs. <br><br> MARTIN & BAYLEY, INC., *et al.*, <br><br> Third-Party Defendants. | Case No. 14-CV-955-NJR-RJD |

## MEMORANDUM AND ORDER

ROSENSTENGEL, District Judge:

Before the Court is Defendants' Motion to Dismiss Third-Party Defendant Martin & Bayley Inc.'s Second Amended Counterclaim (Doc. 74), and Defendants' Motion to Dismiss MB-MTV Properties, Charles L. Martin, and Mark F. Bayley's Counterclaim (Doc. 83). This case originated as a fairly straight forward allegation that a semi-truck struck a pedestrian at a truck stop. The procedural history grew increasingly complicated, however, once the parties conducted discovery into the ownership of the truck stop where the accident occurred.

Page 1 of 8

## Procedural History

Plaintiff Judy Stepp filed her original complaint against Defendant Bohren Logistics, Inc., an Indiana corporation, and Jerry Beck, (collectively referred to as "Beck and Bohren") on September 4, 2014. (Doc. 2). The complaint revolves around an alleged accident in which an employee of Bohren ran over the leg of Stepp in the parking lot of a truck stop resulting in serious injuries. *Id.* at 2-3. On November 19, 2014, Defendants filed answers to the complaint. (Docs. 10; 11). The Court *sua sponte* ordered Stepp to file an amended complaint because the original document failed to properly allege diversity jurisdiction. (Doc. 12). On November 25, 2014, Stepp filed her first amended complaint,[1] which was followed by Defendants' answer on December 4, 2014. (Docs. 14; 17; 18).

The case experienced a significant delay due to Stepp's medical treatment. (Doc. 31). On June 2, 2016, Defendants filed a third-party complaint against Third-Party Defendants Martin and Bayley, Inc., and Jacobson Transportation Company, Inc. (Doc. 32). Defendants allege contributory negligence under the Illinois Joint Tortfeasor Contribution Act, Chapter 740 ILCS 100/01 *et seq.* (*Id.* at 7). The Court exercises its supplemental jurisdiction over the third party claims because they are so related to Stepp's claims that they form part of the same case or controversy. *See Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994) (noting that "[s]o long as an arguable balance of

---

[1] The Court is now satisfied that it has subject matter jurisdiction pursuant to 28 U.S.C. §1332. Stepp is a citizen of Michigan, Bohren Logistics is an Indiana corporation with its principal place of business in Indiana, and Beck is a citizen of Tennessee. Although the First Amended Complaint fails to allege that the amount of controversy is in excess of $75,000 "exclusive of interest and costs" as required, it does allege that the amount in controversy "exceeds $75,000" and that Stepp has sustained "serious and painful permanent personal injuries, including multiple fractures of both legs, ligament damage, and other traumatic injuries." (*See* Doc. 14, paras. 1, 11). Thus, it does not appear to a legal certainty that "the claim is really for less than the jurisdictional amount." *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)).

[judicial economy, convenience, fairness, and comity] points in the direction of the district court's discretionary determination whether or not to exercise jurisdiction, that decision, being discretionary, will not be disturbed.")

Jacobson Transportation Company ("Jacobson") employed Judy Stepp, who was allegedly in the scope and performance of her duties when the accident occurred. (Doc. 32, at p. 3). Defendants allege that Jacobson breached its duty to Stepp by failing to provide her with the training and equipment needed to preform her job safely.

Martin and Bayley, Inc. is one of the alleged owners and operators of the truck stop where the accident occurred. Defendants allege that Martin and Bayley, Inc. breached the duty owed to Stepp by failing to regulate the parking lot traffic and failing to provide adequate sidewalks. On August 2, 2016, Third-Party Defendant Martin and Bayley, Inc. filed an answer to the third-party complaint and counterclaim against Defendants for contributory negligence under the same Illinois statute. (Doc. 35).

Additional discovery was conducted into the ownership of the truck stop and the facts of the underlying accident. Based on the additional discovery, Defendants filed their second amended third-party complaint expanding the list of third-party defendants to also include MB-MTV Properties, MB-MTV Properties as land trustee, Land Trust #1995-1, the beneficiaries of Land Trust #1995-1, Charles L. Martin, Frank M. Bayley, Mark Bayley, and Thomas Waldron d/b/a Tom Waldron Concrete." (Doc. 52, at pp. 1-2).

Third-party Defendant Martin and Bayley, Inc. (hereinafter referred to as "Martin") filed its second amended answer and counterclaim for contribution on

October 14, 2016. (Doc. 67). Third-party Defendants MB-MTV Properties, MB-MTV Properties as land trustee, Land Trust #1995-1, the beneficiaries of Land Trust #1995-1, Charles L. Martin, Frank M. Bayley, and Mark Bayley (hereinafter referred to as "MB-MTV Properties"), filed their answer and counterclaim for contribution on November 18, 2016. (Doc. 79).

The counterclaims of Martin and the counterclaims of MB-MTV Properties allege identical causes of action against Defendants pursuant to the Illinois Joint Tortfeasor Contribution Act. *Compare* (Doc. 67, at pp. 30-37) *with* (Doc. 79, at pp. 34-42). Defendants seek to dismiss Third-Party Defendant Martin's and Third-Party Defendant MB-MTV Properties' identical counterclaims for contribution. (Docs. 74; 83).

The Court notes that although Third-Party Defendants Martin and MB-MTV Properties filed separate answers and counterclaims, they are represented by the same attorney. Accordingly, they filed one unified Response to Defendants' motions on December 8, 2016. (Doc. 88). Defendants filed a single reply on December 15, 2016. (Doc. 93).

## Discussion

The purpose of a motion to dismiss under Rule 12(b)(6) is to address the legal sufficiency of the plaintiff's claim for relief, not the merits of the case or whether the plaintiff will ultimately prevail. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff, accept as true all well-pleaded facts, and draw all possible

inferences in the plaintiff's favor. *See, e.g., Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). To survive a motion to dismiss, the complaint must allege facts sufficient to "'state a claim to relief that is plausible on its face' and 'raise a right to relief above the speculative level.'" *Camasta*, 761 F.3d at 736 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The answers filed by Third-Party Defendants Martin and MB-MTV Properties deny general liability for the action and set forth various affirmative defenses including those for contributory negligence on the part of Plaintiff, Defendants, and other Third-Party Defendants. *See e.g.* (Doc. 79). In addition to the affirmative defenses asserting contributory negligence, Martin or MB-MTV Properties seek compensation from Defendants and Third-Party Defendants under a theory of contribution. (*Id.* at 34-42); (Doc. 67, at pp. 30-37).

Where two or more parties are subject to liability arising from the same tort, the Illinois Joint Tortfeasor Contribution Act provides a right of action for a tortfeasor who pays more than its *pro rata* share of the liability. 740 ILCS 100/02. Defendants seek to dismiss the counterclaims under Federal Rule of Civil Procedure 12(b)(6) because they assert it is impossible for Martin and MB-MTV Properties to ever pay more than their *pro rata* share. (Doc. 93).

Defendants' assertion is predicated on the unique procedural circumstances of this case created by the different statutes of limitation applicable to personal injury and contribution claims. Illinois provides a two year limitations period for both personal injury suits as well as for claims of contribution. 735 ILCS 5/13–202; 735 ILCS 5/13–204.

For personal injury claims, the clock starts to run once the accident occurs. *Id*; *Golla v. Gen. Motors Corp.*, 657 N.E.2d 894, 903 (Ill. 1995) ("when a plaintiff sustains an immediate personal injury as a result of a sudden, traumatic event, such as the car accident in this case, the statute of limitations begins to run at the time of the accident.") For contribution claims, three events can start the clock on the statute of limitations. 735 ILCS 5/13-204. For cases where a lawsuit is filed, the clock begins to run "after the party seeking contribution…has been served with process in the underlying action…or [when the party] knew or should reasonably have known of an act or omission giving rise to the action for contribution or indemnity, which period expires later." 735 ILCS 5/13-204(b).

At the time of the incident, it was possible that both the truck driver (Beck and Bohren) and the truck stop (Martin *et al.*,) were both negligent contributors to the alleged injuries sustained by Plaintiff. Despite this possibility, Plaintiff decided to proceed against only Defendants Beck and Bohren.

Defendants' motion is further contingent on the assumption that the statute of limitations has run for Plaintiff and she is therefore barred from adding claims against other defendants. The running of the statute of limitations for Plaintiff's claim would mean that Martin's and MB-MTV Properties' liability only attaches through the Illinois Joint Tortfeasor Contribution Act, and there would never be a plausible scenario where they could be required to pay more than a *pro rata* share for the tort. The statute of limitations is an affirmative defense, however, that must be asserted and established by Martin and/or MB-MTV Properties. *Doe A. v. Diocese of Dallas*, 234 Ill. 2d 393, 413 (2009) ("Finally, we note that the bar of a statute of limitations does not go to the court's

jurisdiction to hear a case. Rather, it is an affirmative defense which a defendant may, in its sole discretion, assert or waive.")

It is still plausible, though exceedingly unlikely, that Plaintiff will move to amend her complaint to state a claim against Martin and MB-MTV Properties. It is further possible that Martin and MB-MTV Properties may choose *not* to assert the statute of limitations as an affirmative defense, meaning that the Third-Party Defendants could ultimately pay more than their *pro rata* share.[2]

The assertion by Beck and Bohren that Martin and MB-MTV Properties will never be liable for more than their *pro rata* share is the most likely outcome for the case, however, to survive a motion to dismiss, the complaint must only allege facts sufficient to state a claim to relief that is plausible on its face.

The Illinois Joint Tortfeasor Contribution Act provides a right of action for a tortfeasor who pays more than its *pro rata* share of the liability. The potentially lapsed personal injury statute of limitations means that Martin's or MB-MTV Properties' presence in any lawsuit pertaining to the alleged tort against Judy Stepp is likely contingent on the concomitant presence of Defendants Beck and Bohren. The practical result is that if Beck and Bohren are dismissed from the action, Martin and MB-MTV Properties would be too. The practical reality of a case, however, does not alter the legal rights of Martin and MB-MTV Properties to protect their interests against unknown, yet plausible, circumstances.

---

[2] One conceivable reason Martin and MB-MTV Properties might choose to refrain from asserting the statute of limitations is if they believe their best chance to defeat all liability is by litigating the merits of the case at one unified proceeding with all parties at the table. If Martin and MB-MTV Properties lost such a gambit, joint and several liability would result in a potential to pay more than their *pro rata* share.

## Conclusion

At this stage in the litigation, the Court has no choice but to **DENY** Defendants' Motion to Dismiss Third-Party Defendant Martin & Bayley Inc.'s Second Amended Counterclaim (Doc. 74) and Defendants' Motion to Dismiss MB-MTV Properties, Charles L. Martin, and Mark F. Bayley's Counterclaim (Doc. 83).

**IT IS SO ORDERED.**

DATED:   March 3, 2017

*(signature)*

NANCY J. ROSENSTENGEL
**United States District Judge**