IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUDY STEPP, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 14-CV-955-NJR-RJD<br>) |
| BOHREN LOGISTICS, INC., and<br>JERRY BECK, | )<br>)<br>) |
| Defendants. | )<br>) |
| BOHREN LOGISTICS, INC., and<br>JERRY BECK, | )<br>)<br>) |
| Third Party Plaintiffs, | )<br>) |
| vs. | )<br>) |
| MARTIN AND BAYLEY, INC.,<br>JACOBSON TRANSPORTATION<br>COMPANY, INC.,<br>MB-MTV PROPERTIES,<br>LAND TRUST #1995-1,<br>BENEFICIARIES OF LAND TRUST<br>#1995-1, CHALRES L. MARTIN,<br>FRANK M. BAYLEY, MARK BAYLEY,<br>and THOMAS WALDRON, d/b/a Tom<br>Waldron Concrete, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Third Party Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

The Court was advised by counsel for the parties that they previously participated in mediation but were unable to reach a settlement because there was no one present with full authority to settle the workers' compensation lien held by the insurance carrier for

Third Party Defendant Jacobson Transportation Company.

In an effort to facilitate the settlement, this matter is set for a settlement conference on **November 7, 2018, at 1:30 p.m.,** before the undersigned at the East St. Louis Courthouse. The attorneys for *each* of the above-captioned parties are **ORDERED** to appear in person at the hearing. If the parties themselves choose not to appear at the hearing, the parties (or their representative with full settlement authority and decision-making abilities) **SHALL** be readily available by telephone for their counsel on **November 7, 2018**, starting at **1:30 p.m.**, and continuing until they are notified by counsel that the settlement conference has ended.

That being said, the workers' compensation lienholders are interested parties in this case and a "decisionmaker" with respect to settlement, and their presence also is needed to reach a settlement. The Court understands that Kristopher Dunard is the workers' compensation attorney for Jacobson Transportation Company. The Court further understands that Zurich American Insurance Company and/or Sedgwick Claims Management Service are the lienholders. Consequently, Mr. Dunard, Patrick Catlett from Zurich (or another representative from Zurich with full settlement authority), and Scott Hanko from Sedgwick (or another representative from Sedgwick with full settlement authority) are **ORDERED** to appear in person at the hearing on November 7th. **Failure to appear and participate as ordered will result in appropriate sanctions.**

Finally, the attorneys for Jacobson Transportation Company, Joseph Swift and/or John McLeod, are **ORDERED** to immediately notify Mr. Dunard, Mr. Catlett, and Mr. Hanko of the hearing and this Order. The Clerk of Court is **DIRECTED** to also send a copy of this Order via email and regular email to Mr. Dunard, Mr. Catlett, and Mr. Hanko

at the following addresses:

Kristopher Dunard
Wiedner and McAuliffe
8000 S. Maryland Avenue
Suite 550
St. Louis, MO 63105
Ksdunard@wmlaw.com
314-721-3400

Patrick Catlett
Zurich American Insurance Company
P.O. Box 968046
Schaumburg, Illinois 60196-8046
-and-
1299 Zurich Way
Schaumburg, Illinois 60196
Patrick.Catlett@zurichna.com
847-605-7793

Scott Hanko
Sedgwick Claims Management Service
175 W Jackson Blvd #700
Chicago, IL 60606
Scott.Hanko@sedgwickcms.com
585-331-2717

   **IT IS SO ORDERED.**

   DATED: November 2, 2018

                         *[signature]*
                         _____
                         **NANCY J. ROSENSTENGEL**
                         **United States District Judge**